## 45409, 45410.   HILL AIRCRAFT & LEASING CORPORATION v. SIMON; and vice versa.

JORDAN, Presiding Judge. These two appeals are based on the same case in the lower court. In Count 1, the plaintiff Simon, alleged that he leased an airplane from the defendant, Hill Aircraft, and that he was entitled to $4,100 derived from the use of the airplane under the lease, which the defendant received at the rate of $100 per week from The Atlanta Transit System, Inc. In Count 2 he alleged that he purchased an airplane from the defendant which was not in the condition war-

ranted under the terms of the sale, and that he was entitled to $2,941.60 as the cost of repairs. The case was tried before a judge without a jury, who found for the defendant on Count 1 and for the plaintiff on Count 2, and subsequently overruled each party's motion for a new trial. The transcript was forwarded with the appeal of the defendant, Case 45409, but both parties refer to transcript as applicable to both cases, and the plaintiff, as the appellant in Case 45410, designated the transcript in his notice of appeal for transmission to this court. *Held:*

1. The controlling issue raised by the appeal in Case 45410 is the sufficiency of the evidence to authorize a judgment for the defendant on Count 1 of the petition.

The written lease discloses that the plaintiff rented an airplane from the defendant, purportedly as agent for Big Apple-Alterman Foods, Inc. Kastor Hilton Advertising, and 16 radio stations, at a rate of $55 per hour with a pilot, or at his option, $45 per hour without a pilot. The agency is stated in the body of the lease, but the plaintiff signed the lease without any qualification to show any representative capacity. The document contains no explanation of the intended use of the airplane but from testimony it appears that it was leased as the "Eye-in-the-Sky" to be flown over metropolitan Atlanta with a passenger provided by the lessee, who, on behalf of the lessee, would transmit traffic conditions to radio stations to broadcast to the public, preceded or followed by commercial advertisements. It is undisputed that for 41 weeks the lessor received $100 per week from the Atlanta Transit System, Inc., for separate transmissions by the pilot, an employee of the lessor, of similar traffic information to a receiving station of the transit company.

Assuming, without deciding, that the plaintiff could bring an action in respect to the lease as an individual (see *Code* §§ 4-401, 4-404) there is nothing whatsoever in the written agreement that purports to grant to the lessee the exclusive right to transmit traffic information from the airplane or to show that the lessee, in hiring the airplane, was entitled to income produced by the pilot, as a servant of the lessor, by reason of his separate transmission of traffic information to a third party con-

tracting with the lessor to provide the information. We recognize that Chapter 12-2 of the Code applies to the lease here involved, and the hirer of a thing, as a bailee, acquires a qualified ownership which entitles him to its increase. *Code* § 12-202. But his control and responsibility in respect to the conduct of a servant furnished to operate the chattel is limited. See *Code* § 12-203. And the bailor has discharged his responsibility, as here applicable, so long as he does nothing to interfere with the use and enjoyment of the chattel by the bailee during the bailment. *Code* § 12-204.

The evidence clearly authorized the trial judge, acting as judge and jury, to determine that the income to the bailor was produced by the bailor's servant from efforts not encompassed in the contract, and under circumstances which in no way deprive the bailee of his use and enjoyment of the property during the period of bailment. In brief, the trial judge was authorized to determine, under the evidence and the law applicable thereto, that the plaintiff received everything he bargained to receive.

2. The controlling issue raised by the appeal in Case 45409 is the sufficiency of the evidence to authorize a judgment for the plaintiff on Count 2 of the petition.

While the defendant contends that the plaintiff purchased a 560 Aero Commander in an "as is" condition, the evidence, under the view most favorable to the plaintiff, discloses that he purchased the airplane as one meeting the requirements of Federal Aviation Regulation Part 135 and to include an extra seat to be installed. The airplane was paid for in part by a check which, when delivered to a representative of the defendant, included a notation thereon that it was for the purchase of an Aero Commander, N-2677B, Number 135, FAA, Flyable. There is also testimony to the effect that on or about June 5, 1966, when it was test flown on behalf of the buyer, following purchase on or about May 23, 1966, various equipment was defective and that the repairs and replacements were essential, except the installation of an extra seat, to meet all requirements for certification under Part 135, supra, for both VFR (visual flight) and IFR (instrument flight), and that the defendant, having been afforded an opportunity to remedy the defects, took no action,

whereupon the plaintiff expended the amount claimed in order to condition the plane properly for full certification, plus the extra seat.

A description of goods which is made a part of the bargain creates an express warranty that the goods shall conform to the description. UCC, § 2-313 (1) (b) (*Code Ann.* § 109A-2—313 (1) (b)). Also, see UCC, § 2-315 (*Code Ann.* § 109A-2—315). The evidence is ample to support a determination that a description of the airplane, including the notation on the check and the installation of an extra seat, was an essential basis of the bargain and that the plaintiff purchased the airplane as one expressly warranted to be flyable and capable of full certification under Part 135, supra, and as one to include an extra seat. It follows that the plaintiff would be entitled to damages to the extent that the airplane failed to meet these requirements.

*Judgment affirmed on both appeals. Eberhardt and Pannell, JJ., concur.*

SUBMITTED JUNE 4, 1970—DECIDED SEPTEMBER 8, 1970—
REHEARING DENIED SEPTEMBER 29, 1970.

*John C. Tyler,* for appellant.

*Henning, Chambers, Mabry & Crichton, Edward J. Henning, E. Speer Mabry, III,* for appellee.