## 51238. KEY v. BAGEN et al.

EVANS, Judge.

This case involves the sale of a horse. The horse, "Lilting Heart," owned by Dr. John Hartley, Jr., was sold through Dr. Hartley's agents, Leonard and Sarah Bagen by their employees, a Mr. Ward and Mrs. Brown. The horse was purchased by Ernest D. Key, Jr., for his daughter, who purchased same in reliance on the representations and selection of Ward and Mrs. Brown, who knew the horse was not suitable for Key's daughter. The horse threw the daughter when she rode it and was unsuitable for her. Upon learning the horse was unsuitable, Key demanded that Dr. Hartley and the Bagens return his money or replace the horse. The demand not being met, Key sued Dr. Hartley, the owner, and Leonard Bagen and Sarah Bagen, his agents, for damages as a consequence of the breach of warranty. Plaintiff contended there had been a breach of warranty and misrepresentation.

As a part of their separate answers, these defendants moved to dismiss the complaint. After a hearing thereon, the motion to dismiss was granted and the complaint was dismissed as to all defendants. Plaintiff appeals. *Held:*

1. This transaction for the purchase of a horse, apparently for recreational use, while possibly a casual sale, nevertheless, is provided for in the Uniform Commercial Code which applies to transactions in goods. See Code Ann. §§ 109A-2—102, 109A-2—105.

2. Any affirmation of fact or promise made by the seller to the buyer relating to the goods becomes a part of the basis of the bargain; and "creates an express warranty that the goods shall conform to the affirmation or promise." Code Ann. §§ 109A-2—313, 109A-2—315; *Hill Aircraft &c. Corp. v. Simon,* 122 Ga. App. 524, 527 (2) (177 SE2d 803).

3. Under the Civil Practice Act, § 9 (Code Ann. § 81A-109 (b)), "the circumstance constituting fraud or mistake shall be stated with particularity." Here the allegations of fact that the agent represented the horse to be safe and suitable to learn equitation; that the horse

was well behaved, and even a novice might ride without problem; that defendants knew the horse was being purchased for a young girl to ride and learn equitation; and that the horse was not suitable for the daughter in learning equitation; and that said representations were made within the scope of their authority, are sufficient affirmance of fact stating the circumstances which constituted fraud and misrepresentation in this case. On motion to dismiss, the allegations of petitioner shall be construed most strongly against the movant and in favor of the pleader. See *Robinson v. A. Const. Co.,* 130 Ga. App. 56, 59 (202 SE2d 248); *Hunter v. A-1 Bonding Service, Inc.,* 118 Ga. App. 498, 499 (164 SE2d 246). The defendants had sufficient notice to enable them to know they were being charged with fraud and misrepresentation to prepare a proper defense. *Hayes v. Hallmark Apts.,* 232 Ga. 307, 309 (207 SE2d 197).

4. This case differs on its facts from *Goldman v. Hart,* 134 Ga. App. 422 (214 SE2d 670), and in addition, here the essentials of fraud and deceit, where false representations have been made and relied upon, have been met. In the *Goldman* case, supra, at page 424 in Division 5, the petitioner plead himself out of court by pleading facts showing that there was no fraud practiced by that defendant.

5. Generally, where two parties contract and a suit is filed for the breach thereof, the agent of the contracting party is not liable for his principal's default. See *Hill v. Daniel,* 52 Ga. App. 427 (2), 428 (183 SE 662). But here it appears that this complaint proceeds under the new Civil Practice Act which allows suits for torts and contract in one and the same action, and that Dr. Hartley is sued for breach of contract, while his agents, Mr. and Mrs. Bagen are being sued for tort. This is allowable under the present law. See *Bacon v. Winter,* 118 Ga. App. 358 (3) (163 SE2d 890); *Cohen v. Garland,* 119 Ga. App. 333 (3), 337 (167 SE2d 599).

6. The petition should not have been dismissed unless it appeared beyond doubt from the pleadings therein that the plaintiff could not prove any set of facts in support of his claims which would entitle him to relief. See *American Southern Ins. Co. v. Kirkland,* 118 Ga. App.

170 (162 SE2d 862). The court erred in dismissing the petition.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED OCTOBER 29, 1975.

*Grizzard & Simons, Jere F. Wood,* for appellant.

*Gerstein, Carter & Chesnut, James C. Watkins, Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellees.