■ MICHAEL YUZWAK et al., Appellants, v BARBARA DYGERT et al., Individually and Doing Business as DYGERT EQUINE SERVICES, Respondents, et al., Defendants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special

Term erred by granting defendants' motion for summary judgment dismissing plaintiffs' causes of action for breach of warranty and fraud. We modify the order to reinstate these causes of action.

In October 1985, defendants Barbara and Robert Dygert, doing business as Dygert Equine Services, consigned a horse named "Handy Deposit" to defendant Bucknam Horse Sales for sale at an auction. A brochure distributed to auction participants contained biographical information supplied by the Dygerts that "Handy Deposit" was "quiet and easy to handle" and would make a "good horse for a youth or amateur to start a show career."

Plaintiff Lori Yuzwak attended the auction with her two young daughters, Melissa and Mara. Yuzwak intended to purchase a horse for the children. She saw "Handy Deposit" and spoke with Robert Dygert. She testified at a deposition that, upon inquiry about the horse's disposition, Dygert told her that the horse is quiet and gentle and a good horse to be around. Yuzwak told Dygert repeatedly that she wanted a horse for her daughters, and asked if "Handy Deposit" was the horse for her. Dygert said that the horse was quiet with children, the horse did not have any "vices", that he did not kick and would make a fine show horse for children. After riding the horse briefly, Yuzwak purchased it and had it transported to a stable near her home. The following morning, the stable owner told Yuzwak that the horse was cribbing and pacing in his stall. He attempted to bite Yuzwak. Later that afternoon, the horse jerked as he was being led into the barn, kicking seven-year-old Mara Yuzwak in the face and injuring her seriously.

Plaintiffs commenced this action against the Dygerts alleging breach of warranty and fraud, and seeking compensatory and punitive damages. Upon motion by defendants, Special Term granted summary judgment dismissing plaintiffs' complaint.

The court erred by dismissing plaintiffs' causes of action for breach of warranty and fraud. Whether representations made by a seller are warranties and, therefore, a part of the bargain, or merely expressions of the seller's opinion, or mere "puffing", is almost always a question of fact for a jury's resolution (see, Opera v Hyva, Inc., 86 AD2d 373, 379; see also, 3 Anderson, Uniform Commercial Code § 2-313:123, at 92 [3d ed]). In this case, the Dygerts' representations that this was a good horse for children, made personally and in their brochure description, are not so obviously "puffing" that their

significance should be determined as a matter of law *(see, Key v Bagen,* 136 Ga App 373, 221 SE2d 234). Further, in our view, whether and to what extent Lori Yuzwak relied upon these representations presents a factual issue. Moreover, the denials by the Dygerts of prior knowledge of any vicious propensities on the part of this horse present an issue of credibility not appropriately resolved on a motion for summary judgment. Consequently, we modify the order to reinstate the causes of action for breach of warranty and fraud. We affirm the order insofar as it dismisses plaintiffs' demand for punitive damages. Defendants' alleged conduct, even viewed in the light most favorable to plaintiffs, is not of the kind that would warrant punitive damages *(Walker v Sheldon,* 10 NY2d 401, 405). (Appeal from order of Supreme Court, Onondaga County, Miller, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.