Calvin KELLER and Bryan E. Keller,
Appellants (Plaintiffs),

v.

Fred MERRICK and Merrick's Riding
Club Arena, Limited Liability Company, Appellees (Defendants).

No. 97–115.

Supreme Court of Wyoming.

March 9, 1998

Reconsideration Denied April 7, 1998.

Steven K. Sharpe of Anthony, Goodrich, Nicholas & Sharpe, LLC, Cheyenne, for Appellants (Plaintiffs).

Greg Greenlee and Loyd E. Smith of Murane & Bostwick, LLC, Cheyenne, for Appellees (Defendants).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

On appeal, Appellants Calvin and Bryan E. Keller contend that the district court erred in granting summary judgment to Appellee Fred Merrick and Merrick's Riding Club Arena on the issues of breach of warranty and negligence in the selection of a horse. The district court ruled that as a matter of law the Wyoming Recreation Safety Act precluded recovery.

We hold that the Act does not apply and reverse and remand for trial on the breach of warranty issue.

## ISSUES

The Kellers present these issues:

1. Whether Wyoming's Recreation Safety Act (Wyo. Stat. §§ 1–1–121, *et seq.*) applies to causes of action arising out of the sale of a horse?

a. Whether the Recreation Safety Act is a defense to a merchant who misrepresents the disposition of a horse to a purchaser?

b. Whether the Recreation Safety Act applies to causes of action for breach of express and implied warranties under the UCC?

2. If the Recreation Safety Act does apply to causes of action arising from the sale of a horse, do genuine issues of material fact exist in this case which preclude the entry of summary judgment?

a. Can a court say, as a matter of law, that an "inherent risk" of horseback riding involves a risk that a horse which has been specifically represented as "gentle" will become uncontrollable, take off on a dead run, and refuse to obey a rider's repeated commands and efforts to stop?

b. Can a court rule, as a matter of law, that the facts set forth in 2a above constitute an "inherent risk" of horseback riding, when the statute fails to define or list the kinds of risks which are "inherent" to horseback riding?

c. Can reasonable minds disagree over whether the conduct described in 2a above is an "inherent risk" of horseback riding, thus precluding the entry of summary judgment?

3. Whether the Recreation Safety Act is a defense to Appellants' causes of action against Appellees for negligence?

Merrick presents these issues for our review:

1. Whether the District Court correctly determined that there were no genuine issues of material fact and that Appellants' claims were precluded as a matter of law by the Recreation Safety Act, W.S. §§ 1–1–121 *et seq.?*

a. Whether the Recreation Safety Act precludes all of Appellants' claims?

b. Whether the Recreation Safety Act operates to preclude a personal injury claim arising in part out of the sale of a horse?

2. Whether the District Court properly granted summary judgment on Appellant Bryan Keller's claim of negligent selection of a horse?

3. Whether Appellant Bryan Keller waived his other negligence claims by failing to respond to Appellees' motion for summary judgment with respect to those claims?

4. Whether the exception to the Recreation Safety Act for causes of action based on the design or manufacture of recreation equipment applies under the circumstances of this case?

## FACTS

The parties do not dispute that Merrick is in the business of buying and selling horses. The Kellers wanted to purchase a horse for Bryan that was appropriately gentle and stable for an inexperienced rider, was friendly and would not hurt anyone, and was "kid

broke." After a discussion between the parties about the Kellers' requirements, Merrick showed them a nine year old horse named Little Doc Ripper. He represented that it was gentle and trained. On August 4, 1995, the Kellers agreed to purchase the horse for $5,000, paid $1,200 as a down payment and arranged to board it with Merrick. On August 5, 1995, Bryan's sisters arrived at Merrick's and were assisted in saddling the horse by one of Merrick's employees. The girls rode the horse until Bryan arrived, and then he mounted the horse. The horse immediately began to move sideways, and when Bryan attempted to walk the horse in a small circle, the horse burst into a full gallop through the arena gates. Bryan attempted to stop the horse with verbal and physical commands, but the horse did not respond. Bryan jumped or fell from the runaway horse and severely fractured his leg.

Merrick returned the Kellers' money and took back the horse. It was later learned that Merrick had previously sold this same horse to a senior team roper who Kellers contend paid only $2,700 for the horse. After that buyer complained about the horse's behavior, Merrick allowed its return and later sold it to Kellers for almost double the price. Kellers brought suit for breach of express and implied warranties, breach of contract, and negligence in selection of a horse, saddling and bridling of the horse, unsupervised riding and strict liability. Upon the defendant's motion for summary judgment, the district court determined that the dispositive issue was whether or not the sale removed this case from the operation of the Wyoming Recreation Safety Act. It ruled that the language of the Act, which included "riding, inspecting, or evaluating an equine . . . .," indicated a legislative intent to include a sale within its embrace and granted summary judgment to Merrick. This appeal followed.

## DISCUSSION

### Standard of Review

■■■ Summary judgment is proper when no genuine issues of material fact exist, and the prevailing party is entitled to judgment as a matter of law. *Eiselein v. K–Mart, Inc.*, 868 P.2d 893, 894 (Wyo.1994). When this Court reviews the propriety of a grant of summary judgment, the record is reviewed in the light most favorable to the party opposing the motion, giving that party all favorable inferences that can be drawn from the facts. *Id.* Summary judgment is appropriate when no issue of material fact is found to exist, even in a negligence case. *Id.* at 894–95. No deference is accorded to the district court's decisions on issues of law. *Halpern v. Wheeldon*, 890 P.2d 562, 564 (Wyo.1995).

### Viable Causes of Action

■■■ As a general rule, the Uniform Commercial Code (UCC) as codified in Wyo. Stat. § 34.1–2–313 through 34.1–2–315 (1977) creates and limits express and implied warranties. *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 338 n. 2 (Wyo.1986). This appeal presents us with the question whether the legislature's adoption of the Recreation Safety Act precludes a breach of warranty action arising from the sale of a horse.

The Wyoming Recreation Safety Act states in relevant part:

§ 1–1–123. Assumption of risk.

(a) Any person who takes part in any sport or recreational opportunity assumes the inherent risk of injury and all legal responsibility for damage, injury or death to himself or other persons or property that results from the inherent risks in that sport or recreational opportunity.

(b) A provider of any sport or recreational opportunity is not required to eliminate, alter or control the inherent risks within the particular sport or recreational opportunity.

(c) Actions based upon negligence of the provider not caused by an inherent risk of the sport or recreational opportunity shall be preserved pursuant to W.S. 1–1–109.

Wyo. Stat. § 1–1–123 (1989).[1] The Act defines sport or recreational opportunity as

---

1. This statute was amended in 1996, after Bryan Keller was injured; therefore, the amended stat-

ute has no bearing on this case.

including equine activity and defines equine activity as:

(iv) "Equine activity" means:

\* \* \* \* \* \*

(E) Riding, inspecting or evaluating an equine belonging to another, whether or not the owner has received some monetary consideration or other thing of value for the use of the equine or is permitting a prospective purchaser of the equine to ride, inspect or evaluate the equine.

Wyo. Stat. § 1–1–122(a)(iv)(E) (1996 Supp.).

Kellers contend they are not asserting any cause of action in this case based upon Merrick's providing Bryan Keller with the "recreational opportunity" of horseback riding. Kellers contend that their asserted cause of action against Merrick arises out of the sale of the horse, which was not as represented. They further contend that the Act does not bar suit for personal injury resulting from breach of warranty under the UCC. Merrick contends the trial court properly determined that Bryan Keller's injuries arose from the recreational activity of riding a horse and Merrick is entitled to immunity under the Act.

■ We construe the Act according to our well established rules of statutory construction. The intent of the legislature is the essence of the law, and such intent is to be determined from that which is embodied and expressed in the statute under consideration. *Parker Land & Cattle Co. v. Wyo. Game & Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo. 1993). Initially, we inquire as to the ordinary and obvious meaning of the words employed according to their arrangement and connection. *Id.* If the statutory language is unambiguous, the court may not resort to application of rules of construction, but, instead, must apply the plain meaning of the statute. *Id.* at 1043. Finally, this Court presumes that the legislature enacts statutes with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, and as part of a general and uniform system of jurisprudence. *Eiselein*, 868 P.2d at 895.

■ In *Halpern*, we analyzed the plain language of this statute and determined that the legislature intended to limit the duty which a provider owes to a participant in conducting a recreational opportunity. *Halpern*, 890 P.2d at 565. Kellers' complaint is clear that it asserts causes of action based upon representations made and relied upon for the sale of the horse. Although the Act's definition of an equine activity extends to injuries received while evaluating the horse in contemplation of a sale, it plainly does not extend to a breach of warranty action arising from the sale and, therefore, does not apply to these facts. Every subsection of a statute must be read in the context of all others to ascertain the meaning of the whole statute. *Schneider Nat., Inc. v. Holland Hitch Co.*, 843 P.2d 561, 567 (Wyo.1992). This statute should not be read to apply its immunity to actions other than negligence, and a cause of action based on a theory of breach of warranty is, therefore, unaffected by this statute. *See Schneider*, 843 P.2d at 567. We hold that the act does not apply to a cause of action based upon a sale and is not a bar to Kellers' suit based upon injuries arising from the sale of the horse.

■ In Wyoming, the UCC creates and limits express and implied warranties. Wyo. Stat. § 34.1–2–313 through 32.1–2–315 (1977); *Ogle*, 716 P.2d at 338 n. 2. We have held that it applies to the sale of goods, including livestock. *S–Creek Ranch, Inc. v. Monier & Co.*, 509 P.2d 777, 782 (Wyo.1973). The UCC applies to the sale of a horse. *Key v. Bagen*, 136 Ga.App. 373, 221 S.E.2d 234, 235 (1975). Kellers contend that Merrick's representations concerning the gentleness of the horse and its appropriateness for an inexperienced rider constituted express and implied warranties under the UCC. The record shows that Kellers have presented sufficient facts to present questions for a fact finder, precluding summary judgment on this issue. *See Shepard v. Top Hat Land and Cattle Co.*, 560 P.2d 730 (Wyo.1977). The order granting summary judgment on the issue of breach of warranties is reversed.

We agree with Merrick that Kellers have not properly preserved for appeal the other

880

claims alleged in their complaint. Although Kellers state they are appealing the court's ruling in regard to their claim for negligent selection of a horse, no argument was presented that this issue remains viable. The order granting summary judgment to Merrick on this issue is affirmed.