Donald E. BENDER, Appellant (Petitioner),

v.

Peggy C. DECARIA, Uinta County Assessor, Appellee (Respondent).

No. 99–108.

Supreme Court of Wyoming.

March 6, 2000.

Representing Appellant: Donald E. Bender, Pro Se.

Representing Appellee: V. Anthony Vehar of Vehar Law Offices, P.C., Evanston, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

Donald E. Bender (Bender) appeals from a district court order affirming an administrative decision of the Uinta County Assessor, Peggy C. Decaria (Decaria). Bender sought to review statements of consideration filed for all residential properties in his subdivision. A statement of consideration is a document filed along with a transfer of title to real estate which shows the amount paid for the property. County assessors use the statements in determining property values for tax purposes. Pursuant to the applicable statutes, Decaria allowed Bender to review only those statements actually used in determining his property tax. We hold that Decaria correctly applied the law in restricting Bender's access to confidential information and, therefore, affirm.

## ISSUES

Bender presents this statement of the issues:

A. Did the 1996 Wyoming Legislature create a new taxpayer right by "removing the confidentiality of the statement of consideration" for a taxpayer "wishing to" "contest his property tax assessment or valuation?" And did the 1996 Wyoming Legislature create a new unrestricted right for the county board of equalization to receive information from statements of consideration?

B. Did the 1997 Wyoming Legislature create a new taxpayer right for non contesting taxpayers who want to know how their assessment valuation is derived, without filing a formal protest, by "providing for review of statements of consideration used in determining property tax assessment or valuation?"

C. Did the Wyoming Legislature declare in W.S. 34–1–143 and 34–1–142(g) that the county assessor has total, and non reviewable, discretion to determine which "statements of consideration," can be reviewed by the contesting taxpayer, and presented to the county board of equalization, especially when the statements are not proximate in time or location, and the statements are for homes located three (3) miles away from the contested assessment property?

D. Did the Wyoming Legislature declare in W.S. 39–13–109(b)(i), and the related statutes, that the county assessor can deny "relevant" "sales information" evidence for the neighbors of the contesting taxpayer from the county board of equalization, as the trier of fact, and in its statutory responsibility to equalize assessments?

Decaria frames the issues as:

1. Do the provisions of W.S. § 34–4–142(g) define exclusively which "statements of consideration" are authorized and allowed to be disclosed by a county assessor to a taxpayer wishing to review, or contesting, his property tax assessment?

2. Do the provisions of W.S. § 39–13–109(b)(i) requiring the county assessor and a taxpayer contesting his property tax assessment to "exchange information, evidence and documents relevant to the [tax] appeal, including sales information from relevant statements of consideration" override, and provide another exception to, the confidentiality provisions of § 34–1–142(e)?

### FACTS

Bender contested his 1998 Uinta County property tax assessment. In a series of letters to Decaria, Bender requested access to "all statements of consideration filed for all residential properties within" the subdivision in which he lived. Decaria refused those requests, maintaining that Bender was entitled to review only those statements of consideration which she relied upon in determining the value of his property.

Bender sought review in the district court of Decaria's decision. The district court upheld Decaria's denial, saying:

> Wyoming Statute § 34–1–142(g) exclusively defines what statements of consideration are to be disclosed by the county assessor to Mr. Bender, Petitioner. The assessor is to provide the statements of consideration used or relied upon when arriving at Petitioner's tax assessment. The county assessor cannot, without violating the confidentiality statute, disclose to Petitioner those statements of consideration not used or relied upon.

Bender filed a timely appeal with this Court.

### STANDARD OF REVIEW

■ We review administrative decisions as if they had come directly to us without giving special deference to the district court's holding. *Nellis v. Wyoming Dep't of Transp.*, 932 P.2d 741, 743 (Wyo.1997). The standard for that review is found in Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999), which provides in relevant part that the reviewing court shall:

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> . . .
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record

of an agency hearing provided by statute.

■ Statutory interpretation is a question of law. *Newton v. State ex rel. Wyoming Workers' Compensation Div.*, 922 P.2d 863, 864 (Wyo.1996). Our controlling consideration in interpreting statutes is legislative intent. *Wright v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 952 P.2d 209, 213 (Wyo.1998). We must first look at the plain and ordinary meaning of the words contained in the statute to determine whether the statute is ambiguous or unambiguous. *Bolack v. Chevron, U.S.A.*, 963 P.2d 237, 240–41 (Wyo.1998). If it is unambiguous, we apply the plain meaning of the statute without resorting to extrinsic aids of construction. *Keller v. Merrick*, 955 P.2d 876, 879 (Wyo.1998).

### DISCUSSION

■ Bender calls upon this Court to interpret three state statutes: Wyo. Stat. Ann. §§ 34–1–142, 34–1–143, and 39–13–109(b)(i) (LEXIS 1999). We look first to the plain language of the statutes. Section 34–1–142 reads in relevant part:

> (a) When a deed, contract or other document transferring legal or equitable title to real property is presented to a county clerk for recording, the instrument shall be accompanied by a statement under oath by the grantee or his agent disclosing the name of the grantor and grantee, the date of transfer, date of sale, a legal description of the property transferred, the actual full amount paid or to be paid for the property, terms of sale and an estimate of the value of any nonreal property included in the sale.
>
> . . . .
>
> (e) The statement is not a public record and shall be held confidential by the county clerk, county assessor, the state board of equalization the department of revenue and when disclosed under subsection (g) of this section, any person wishing to review or contest his property tax assessment or valuation and the county board of equalization. These statements shall not be sub-

ject to discovery in any other county or state proceeding.

. . . .

(g) Any person or his agent who wishes to review his property tax assessment or who contests his property tax assessment or valuation in a timely manner as provided by law is *entitled to review statements of consideration and all other information used by the county assessor in determining the value of the property at issue* as provided under W.S. 39–13–109(b)(i). During a review, the county assessor shall disclose information sufficient to permit identification of the real estate parcels used by the county assessor in determining the value of the property at issue and provide the person or his agent papers of all information, *including statements of consideration, the assessor relied upon in determining the property value.*

(Emphasis added.)

Bender contends the language allowing him "to review statements of consideration and all other information used by the county assessor in determining the value of the property at issue" entitles him to review all statements of consideration that he deems relevant. Decaria responds that the statute clearly allows review of only those individual statements she used in determining Bender's property tax. We agree. Subsection (e) of the statute unambiguously forbids the release of statements of consideration other than those specified in subsection (g). The second emphasized phrase in subsection (g) clearly articulates the rule that the assessor is to provide only those statements of consideration "relied upon in determining the property value."

Section 34–1–143 reads:

The county clerk shall place the recording data on the statement of consideration paid and deliver the statement to the county assessor. The county assessor shall furnish information from the statements of consideration to the state board of equalization and department of revenue as the board or department shall require, and when disclosed under W.S. 34–1–142(g) and 39–13–109(b)(i), any person or his

agent wishing to review or contest his property tax assessment or valuation and the county board of equalization. The county assessor may furnish information from the statements of consideration to a county assessor in another county in this state to be used as provided by law.

Bender presents absolutely no argument regarding this statute. Although his third stated issue refers to it, the statute does not appear anywhere in the argument of that issue. Our careful reading of the statute reveals no support for Bender's position. That is especially so because the statute does not independently provide for the release of information to taxpayers but instead relies on the provisions of the other statutes at issue here to determine when information should be available.

Section 39–13–109(b)(i) reads in pertinent part:

(b) Appeals. The following shall apply:

(i) ... Any person wishing to contest an assessment of his property shall file not later than thirty (30) days after the date or postmark date of the assessment schedule properly sent pursuant to. W.S. 39–13–103(b)(vii), whichever is later, a statement with the county assessor specifying the reasons why the assessment is incorrect. The county assessor shall provide a copy to the county clerk as clerk of the county board of equalization. *The county assessor and the person contesting the assessment, or his agent, shall disclose witnesses and exchange information, evidence and documents relevant to the appeal, including sales information from relevant statements of consideration if requested,* no later than fifteen (15) days prior to the scheduled county board of equalization hearing. The assessor shall specifically identify the sales information used to determine market value of the property under appeal.

(Emphasis added.) Looking to the plain language of this statute, we see that Bender is entitled to receive "sales information from relevant statements of consideration." For two reasons, we hold that only those state-

ments of consideration relied upon by the assessor are relevant. First, this statute governs the procedure for appeals of tax assessments: In an appeal, only information relied on in reaching the contested decision is relevant. Second, this statute cannot override the confidentiality requirements of § 34–1–142. We can harmonize the two statutes only if § 39–13–109(b)(i) is subject to the restrictions of § 34–1–142.

Because the applicable statutes support Decaria's denial of Bender's request, we affirm.