This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Poff, appeals from the decision of the Wayne County Court of Common Pleas which granted judgment in favor of appellee, Marian O'Bryon. We affirm in part and reverse in part.
 I. {¶ 2} On August 31, 2001, Ms. O'Bryon filed a complaint against Mr. Poff seeking to enforce two oral agreements. In his answer, Mr. Poff denied the existence of the oral agreements and asserted the affirmative defenses of statute of limitations, statute of frauds, and accord and satisfaction. The case proceeded to a bench trial. Mr. Poff moved to dismiss the complaint at the close of Ms. O'Bryon's case. The trial court denied the motion and subsequently ruled in favor of Ms. O'Bryon. The trial court ordered Mr. Poff to pay Ms. O'Bryon four thousand dollars ($4,000) plus interest at the rate of ten percent per annum from September 29, 1995, plus costs. This appeal followed.
 II. {¶ 3} Mr. Poff asserts four assignments of error. For ease of review, we will address the second assignment of error first.
 Second Assignment of Error "THAT THE TRIAL COURT ERRED IN NOT DISMISSING THE PLAINTIFF'S ACTION AND CLAIMS THEREIN UPON THE GROUNDS THAT SAID CLAIMS WERE PROHIBITED AND BARRED BECAUSE NOT BROUGHT WITHIN THE TIME REQUIRED BY THE APPLICABLE STATUTE(S) OF LIMITATIONS."
 {¶ 4} In his second assignment of error, Mr. Poff avers that the trial court erred in not dismissing Ms. O'Bryon's claims as barred by the statute of limitations. We agree in part and disagree in part.
 {¶ 5} Mr. Poff moved to dismiss the complaint at the close of Ms. O'Bryon's case. Civ.R. 41(B)(2) provides:
 "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."
 {¶ 6} The standard of review on an appeal from a denial of a motion to dismiss pursuant to Civ.R. 41(B)(2) is abuse of discretion. IdAgency, Inc. v. Community Mut. Ins. Co. (July 14, 1994), 8th Dist. No. 65298. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} For this assignment of error, we will consider the evidence presented prior to Mr. Poff's motion to dismiss. Ms. O'Bryon alleged that on November 5, 1994, she and Mr. Poff reached an oral agreement for the sale of certain machine shop cabinets, tools and parts (collectively referred to as "tools") for the amount of three thousand dollars ($3,000). The tools were transported to Mr. Poff's property and he is currently in possession of said tools. It is undisputed that Mr. Poff never paid Ms. O'Bryon for the tools. Ms. O'Bryon alleged that she sent Mr. Poff an invoice for the amount due on September 29, 1995, as well as subsequent invoices including the amount of interest due.
 {¶ 8} The second alleged oral agreement involves the lease of Ms. O'Bryon's land to Mr. Poff for farming use during the years of 1994 and 1995. Ms. O'Bryon alleged that she agreed to lease the land to Mr. Poff in exchange for replacing an underground drain on her property. Ms. O'Bryon asserted that Mr. Poff did not perform the work as promised. Ms. O'Bryon admitted that Mr. Poff performed work on the septic line from her house to her septic tank. While she was not sure, she did not think that work was done as payment for the rental property. She further asserted that she sent Mr. Poff an invoice, dated September 29, 1995, for the lease of the property for the years of 1994 and 1995. The property is listed on the invoice as ten acres at a rate of sixty dollars ($60) per acre, however, Ms. O'Bryon admitted at trial that she did not know the exact amount of the acreage or how the rate of sixty dollars ($60) per acre was decided upon. Rather, she stated that her husband may have decided on that figure.
 {¶ 9} Mr. Poff argued that both claims should be dismissed as they are barred by the statute of limitations. Ms. O'Bryon argued, and the trial court held, that the applicable statute of limitations for each of the oral agreements is six years, pursuant to R.C. 2305.07. R.C. 2305.07
states that "[e]xcept as provided in sections 126.30.1 and 1302.98 of the Revised Code, an action upon a contract not in writing, expressed or implied, *** shall be brought within six years after the cause thereof accrued." It is undisputed that both agreements are not in writing.
 Purchase Agreement {¶ 10} We will address the oral agreement for the sale of the tools first. The question before this Court is whether to apply the statute of limitations as set forth in R.C. 2305.07, regarding oral contracts, or R.C. 1302.98, regarding the sale of goods. We hold that R.C. 1302.98 is applicable.
 {¶ 11} R.C. 2305.07 makes a specific exception for contracts subject to R.C. 1302.98. R.C. 1302.02 states that unless otherwise required, "sections 1302.01 to 1302.98, inclusive, of the Revised Code, apply to transactions in goods[.]" Goods are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities, and things in action." R.C.1302.01(A)(8). A buyer is a person who buys or contracts to buy goods, and a seller is a person who sells or contracts to sell goods. R.C.1302.01(A)(1) and (A)(4).
 {¶ 12} In the present case, the tools qualify as goods, and Ms. O'Bryon and Mr. Poff qualify as a seller and buyer, respectively. Ms. O'Bryon argues that this transaction was a "casual sale," between non-merchants, and, therefore, is not controlled by Chapter 1302 of the Revised Code. This proposition is not supported by law. Chapter 1302 is Ohio's codification of Article 2 of the Uniform Commercial Code. While some provisions of Chapter 1302 apply specifically to merchants, such as R.C. 1302.27 (implied warranty; merchantability) and R.C. 1302.53 (risk of loss in absence of breach), the scope of Chapter 1302 does not exclude the sale of goods between non-merchants. See R.C. 1302.02. In addition, there is no exclusion for a "casual sale" of goods. See, generally, Keyv. Bagen (1975), 136 Ga. App. 373, 373, 221 S.E.2d 234, (holding that a "transaction for the purchase of a horse, apparently for recreational use, while possibly a casual sale, nevertheless, is provided for in the Uniform Commercial Code which applies to transactions in goods."). Ohio appellate courts, including this Court, have applied the provisions of Chapter 1302 to non-merchant parties where the transaction consisted of a sale of goods between individuals, acting in their personal capacity. SeeBedford v. Hamad (Aug. 18, 1993), 9th Dist. No. 16102, (applying R.C.1302.88); Standford v. Appelhans (Oct. 23, 1998), 6th Dist. No. L-98-1106, (applying R.C. 1302.60, 1302.61, 1302.64, and 1302.65); McHughv. McDonald (Sept. 21, 2001), 7th Dist. No. 00 JE 44, (applying R.C.1302.01, 1302.04, 1302.55, and 1302.83).
 {¶ 13} The contract between Ms. O'Bryon and Mr. Poff was for the sale of goods and, therefore, is subject to R.C. 1302.98. R.C.1302.98(A) provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action accrues." R.C. 1302.98(B) further provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." A breach occurs upon any failure to perform a contractual duty. Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, 121. According to the facts as stated in the complaint, Mr. Poff was to pay Ms. O'Bryon for the tools by September 1, 1995. Ms. O'Bryon filed her complaint on August 31, 2001, more than four years after the breach. Ms. O'Bryon's claim for breach of contract for the sale of the tools is barred by the four year statute of limitations in R.C. 1302.98. See Velotta v. Leo PetronzioLandscaping, Inc. (1982), 69 Ohio St.2d 369, 379.
 Lease Agreement {¶ 14} Upon review of Mr. Poff's oral motion to dismiss, we find that he did not assert any arguments with regard to the statute of limitations for the lease agreement. "A fundamental rule of appellate review is that a reviewing court will not consider a claimed error that a party failed to bring to the trial court's attention at a time when it could have been corrected." Bohlmann v. Cox (Nov. 1, 1995), 9th Dist. No. 17166. If an issue was not raised at the appropriate time in the trial court, the party has waived the right to contest that issue on appeal. Id. Consequently, Mr. Poff has waived the right to challenge the trial court's denial of his motion to dismiss Ms. O'Bryon's claim regarding the lease agreement.
 {¶ 15} The trial court erred in denying Mr. Poff's motion to dismiss, based upon the statute of frauds, with regard to the sale of the tools, but did not err in denying the motion with regard to the lease agreement. Mr. Poff's second assignment of error is sustained in part and overruled in part.
 First Assignment of Error "THAT THE TRIAL COURT ERRED IN NOT DISMISSING THE PLAINTIFF'S ACTION AND CLAIMS OF ORAL CONTRACT FOR SALE OF GOODS AND ORAL CONTRACT FOR LEASE OF LAND UPON THE GROUNDS THAT SUCH ACTION AND CLAIMS WERE PROHIBITED AND BARRED BY THE OHIO STATUTES OF FRAUDS."
 {¶ 16} In his first assignment of error, Mr. Poff asserts that the trial court erred in failing to dismiss Ms. O'Bryon's claims as barred by the statute of frauds. We disagree.
 {¶ 17} The standard of review of a trial court's denial of a motion to dismiss and the applicable facts are stated under the second assignment of error. As this Court has already held that the trial court erred by not granting Mr. Poff's motion to dismiss with regard to the sale of the tools, we will limit our discussion in this assignment of error to the lease agreement.
 {¶ 18} In his motion to dismiss, Mr. Poff asserted the claims were barred by the statute of frauds, however, he did not assert any arguments with regard to the statute of frauds for the lease agreement. As stated under the second assignment of error, Mr. Poff has waived his right to challenge the trial court's denial of his motion to dismiss Ms. O'Bryon's claim regarding the lease agreement. See Bohlmann.
 {¶ 19} The trial court did not err in denying Mr. Poff's motion to dismiss based on failure to comply with the statute of frauds. The first assignment of error is not well taken.
 Third Assignment of Error "THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE AND CONSIDERING THE PHOTOGRAPHIC EXHIBITS OFFERED BY THE PLAINTIFF, WHICH WERE TAKEN IN 1992 OR 1993; AND IN ADMITTING INTO EVIDENCE AND CONSIDERING A SELF-SERVING INVOICE PREPARED BY THE PLAINTIFF NEARLY A YEAR AFTER THE ALLEGED ORAL CONTRACT FOR SALE OF GOODS."
 {¶ 20} In his third assignment of error, Mr. Poff avers that the trial court erred by admitting and considering photographs and an invoice offered as evidence by Ms. O'Bryon. We disagree.
 {¶ 21} A trial court has broad discretion in the admission and exclusion of evidence, and an appellate court will not reverse a trial court's judgment absent a clear abuse which materially prejudiced the objecting party. The Ruhlin Co. v. Roadway Express (Dec. 8, 1993), 9th Dist. No. 16174. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Furthermore, absent a showing to the contrary, "a reviewing court will presume that the trial court considered only properly admitted evidence when it acts as the trier of fact in a bench trial." City of Akron v.Fowler, 9th Dist. No. 21327, 2003-Ohio-2844, at ¶ 7.
 {¶ 22} Mr. Poff objected to the admission of photographs of the tools because Ms. O'Bryon could not identify which items in the photograph were sold to Mr. Poff. Mr. Poff objected to the admission of the invoice because it was not a business record kept in the regular course of business. Upon review of the record, Ms. O'Bryon's own testimony included a description of the tools Mr. Poff purchased, as well as information regarding amounts due. Mr. Poff has failed to meet his burden to demonstrate error on appeal. Because the pertinent facts were already admitted through Ms. O'Bryon's testimony, he has not shown how the admission of the evidence was prejudicial. Accordingly, the decision of the trial court will not be disturbed.
 {¶ 23} Mr. Poff's third assignment of error is without merit.
 Fourth Assignment of Error "THAT THE DECISION AND JUDGMENT OF THE TRIAL COURT FINDING THE DEFENDANT TO BE INDEBTED TO THE PLAINTIFF IN THE AMOUNT OF FOUR THOUSAND DOLLARS ($4,000.00) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 24} In his fourth assignment of error, Mr. Poff asserts that the trial court's judgment in favor of Ms. O'Bryon is against the manifest weight of the evidence. We disagree.
 {¶ 25} As this Court has already held that the trial court erred by not granting Mr. Poff's motion to dismiss with regard to the sale of the tools, we will limit our discussion in this assignment of error to the lease agreement.
"The [reviewing] court *** weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 26} The trier of fact is in the best position to observe the witnesses and is free to believe all, part, or none of the witnesses' testimony. Washington Cty. Dept. of Job and Family Serv. v. Binegar, 4th Dist. No. 02CA42, 2003-Ohio-2855, at ¶ 14.
 {¶ 27} It is the burden of the party seeking to enforce the contract to prove, by a preponderance of the evidence, all of the elements of a claim for breach of contract. Cooper Pachell v.Haslage (2001), 142 Ohio App.3d 704, 707. "Those elements include the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Doner v. Snapp (1994),98 Ohio App.3d 597, 600. To constitute an enforceable contract, there must be a meeting of the minds of the parties, an offer on one side and an acceptance on the other. Noroski v. Fallet (1982), 2 Ohio St.3d 77,79.
 {¶ 28} The facts presented during trial prior to Mr. Poff's motion to dismiss are stated under the second assignment of error. During the presentation of Mr. Poff's case, he alleged that he never agreed to purchase any tools. Rather, Ms. O'Bryon requested that he store the tools on his property for a third party to purchase at a later time. Said party was subsequently killed in an automobile accident prior to picking up and paying for the equipment. Mr. Poff stated during the trial that he did not use the equipment and that Ms. O'Bryon may have the equipment back at any time.
 {¶ 29} Regarding the lease agreement, Mr. Poff asserted that he had an agreement with Mr. O'Bryon, prior to his death in August of 1994, regarding the lease of the property for three years. Mr. Poff asserted that his obligations under the agreement included clearing brush and fencing off of the property, and replacing a septic line from the O'Bryons' house to their septic tank. Mr. Poff contended that he did, in fact, clear the property and dig up and replace the septic line from Ms. O'Bryon's house to the septic tank. Mr. Poff denied receiving any invoices from Ms. O'Bryon and denied ever discussing a particular dollar amount for the value of the rented land in lieu of working on the septic line. He also specified that the land in question is 8.22 acres, as opposed to ten acres.
 {¶ 30} Upon review of the evidence presented at trial, the trial court did not lose its way or create a manifest miscarriage of justice when it found that there was a valid oral agreement for the lease of ten acres at sixty dollars ($60) per acre. Ms. O'Bryon testified that there was an agreement for the lease of ten acres. As payment for the lease, Ms. O'Bryon testified that Mr. Poff was to perform work on a drain line in lieu of paying sixty dollars ($60) per acre. It is undisputed that Mr. Poff farmed the property for two years, but did not perform work on a drain line. Further, Ms. O'Bryon lost income she would have received by leasing the land to another party.
 {¶ 31} Even if a valid contract does exist and was breached, Mr. Poff asserted the affirmative defenses of statute of frauds and statute of limitations in his answer to the complaint. "The burden of proving an affirmative defense falls on the party who asserts the defense[.]" BishopKandel Realty v. Meadows (Nov. 5, 1991), 3d Dist. No. 5-91-9. Regarding the statute of frauds, R.C. 1335.04 requires interests in land to be granted in writing and states as follows:
 "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing signed by the party assigning or granting it, or his agent[.]"
 {¶ 32} The Ohio Supreme Court has held that in order to remove a case from the statute of frauds "[t]he doctrine of part performance can be invoked *** only in cases involving the sale or leasing of real estate, wherein there has been delivery of possession of the real estate in question[.]" Hodges v. Ettinger (1934), 127 Ohio St. 460, syllabus. However, "[p]ossession alone is not sufficient to remove the sale from the operation of the statute of frauds." Tier v. Singrey (1951),154 Ohio St. 521, 526. There must also be "a showing of reliance by the party arguing part performance or an unconscionable advantage by the party raising the statute." Edgbarton Investment Co., LLC, v. Target ExpeditingInc. (June 29, 2001), 6th Dist. No. L-00-1358.
"`In order to escape the effect of the statute upon the theory of fraud, one must establish that he acted in reliance on the contract and on the acts or acquiescence of the other party thereto in such a way as to have changed his position or prejudiced himself.'" [Quotations omitted.] Tier, 154 Ohio St. at 526.
 {¶ 33} In the present case, there was delivery of possession of the land to Mr. Poff, who in turn farmed the land during 1994 and 1995. Ms. O'Bryon relied on the oral agreement when she allowed Mr. Poff to use the land; therefore, Ms. O'Bryon's reliance removed the oral agreement from the statute of frauds.
 {¶ 34} With regard to Mr. Poff's defense of the statute of limitations, R.C. 2305.07 requires that an action on an oral contract be brought within six years after the cause thereof accrued. "A breach occurs upon any failure to perform a contractual duty. Thus, the cause of action arises when the plaintiff discovers the omission to perform as agreed in the oral contract." [Citations omitted.] Harris v. Oliver
(Nov. 28, 2001), 9th Dist. No. 20508, citing Kotyk v. Rebovich (1993),87 Ohio App.3d 116, 121.
 {¶ 35} There is no testimony in the record regarding when Mr. Poff was to have completed work on the drainage line, or, alternatively, when the monetary payment for the rental of the property was due. The trial court found that the cause of action for the lease accrued on September 29, 1995, apparently using the date of the invoice created by Ms. O'Bryon. Because there was no set date by which time Mr. Poff had to complete the drainage line, the breach did not occur until the end of the lease. The lease ended in 1995, therefore the breach occurred in 1995. Ms. O'Bryon filed her complaint in 2001, within the six year statute of limitations.
 {¶ 36} The decision of the trial court awarding judgment for Ms. O'Bryon is not against the manifest weight of the evidence. Mr. Poff's fourth assignment of error is not well taken.
 III. {¶ 37} Mr. Poff's first, third, and fourth assignments of error are overruled. Mr. Poff's second assignment of error is overruled in part and sustained in part. The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
SLABY, P.J. CONCURS.
BAIRD, J. CONCURS IN JUDGMENT ONLY.