Georgia Veneer & Packing Company *v.* Stevens, executor, *et al.*

Hill, J. In March, 1889, William Stevens executed his will, and in August of the same. year a codicil. The testator died, and his will was duly probated. Item 2 of the will provided: "I give, bequeath, and devise to my beloved wife, Susan B. Stevens, ten thousand ($10,000.00) dollars, to be taken by her in money or in any real estate I may own at my death, as she may prefer; but in the event I do not own at my death a sufficient amount of property to pay all the legacies given in this my will, five thousand ($5,000.00) dollars of said amount shall be held by her for life, and, at her death, revert to my estate, and be disposed of as hereinafter directed; otherwise she shall receive and hold the whole of said ten thousand ($10,000.00) absolutely. I also give, bequeath, and devise to my said wife my house and lot in the town of Sparta where I now live, for life only." Item 8 provided: "I desire and direct that should any of the property given to my wife by the 2d item of this my will return to my estate at my [her] death, the same shall be prorated among the other legatees, except as provided with reference to the legacies in the 7th item above." Item 9 provided: "Should my estate, at my death, fall short of the aggregate amount disposed of this my will, my wife's legacy shall not abate, but every other legacy shall abate proportionally. Should my estate exceed, in amount, the legacies herein given, every legacy except those given and named in the 7th item shall be increased proportionally." Items 3, 4, 5, 6, and 7 provided for the payment of money to numerous named

legatees. All of the items of the will and the codicil contemplated a sale of the property of the testator by the executors and application of the proceeds of sale to the payment of the legacies, except as restricted in item 2 with respect to the house and lot. A creditor of one of the legatees caused a common-law execution to be levied upon "all the interest of W. W. Stevens in and to" the house and lot. A statutory claim was interposed by the executrix of the will of the widow above mentioned, and another claim was interposed by W. W. Stevens as executor of the will of William Stevens. The cases were consolidated and tried upon an agreed statement of facts by the judge, without a jury. A judgment was rendered, which declared "that the property levied on is not the property of the defendant in fi. fa., nor of Mrs. Emmie Heath Culver [the executrix of the will of the testator's widow], one of the claimants, but is the property of the estate of William Stevens in the hands of W. W. Stevens, executor of the estate of William Stevens, to be administered by him as assets of that estate, and is not subject to said fi. fa. It is further considered and adjudged that the claim of W. W. Stevens, executor of the will of William Stevens, be and the same is hereby sustained." The plaintiff in fi. fa. excepted. *Held:*

1. W. W. Stevens had only an equitable interest in the house and lot.
2. Under the terms of the will it devolved upon the executors to sell the house and lot and distribute the proceeds thereof among the various legatees ratably.
3. The judge did not err in sustaining the claim of the executor.

*Judgment affirmed. All the Justices concur.*

No. 772. NOVEMBER 15, 1918.

Claim. Before Edward R. Hines, judge pro hac vice. Hancock superior court. December 15, 1917.

*L. D. McGregor,* for plaintiff. *Burwell & Fleming, E. P. Davis, R. L. Merritt,* and *R. H. Lewis,* contra.