### 62422. PLANTATION PIPE LINE COMPANY v. 3-D EXCAVATORS, INC.

McMURRAY, Presiding Judge.

After defendant's (3-D Excavators, Inc.) bid was accepted, it entered into a contract with DeKalb County for the construction of certain sewer improvements. During the course of excavations on the project, machinery operated by one of the defendant's employees struck and damaged a pipeline owned and operated by plaintiff (Plantation Pipe Line Company).

Plaintiff brought this action for damages to the pipeline, filing a complaint which, as amended, included three counts. We are involved here only with Count 3 alleging in effect that plaintiff is a third party beneficiary of the contract between the defendant and DeKalb County and seeking recovery under the contractual provision that defendant has the responsibility of repairing or making good any damage to existing structures or utilities at no expense to DeKalb County.

Plaintiff moved for partial summary judgment on the issue of liability based on Count 3 of its complaint. Defendant moved for partial summary judgment as to Count 3 seeking a judgment in its favor as to this count. Plaintiff's motion for partial summary judgment was denied, and defendant's motion for partial summary judgment as to plaintiff's Count 3 was granted. Plaintiff appeals from the grant of partial summary judgment in favor of defendant as to Count 3 of the complaint and in denying its motion for summary judgment as to Count 3, contending that as a matter of law it is entitled to certain benefits under the contract between defendant and DeKalb County. *Held:*

Plaintiff relies upon language in the contract between DeKalb County and defendant which provides: "Any damage to existing structures or utilities shall be repaired or made good by the Contractor [defendant] at no expense to the Owner [DeKalb County]." Plaintiff contends that this language shows an intent of the parties to the contract that it be a third party beneficiary of that agreement, citing in support of its position such cases as *Allred v. Dobbs,* 137 Ga. App. 227 (223 SE2d 265); *Pioneer Neon Supply Co. v. Johnson & Johnson Construction Co.,* 95 Ga. App. 565 (98 SE2d 156); and *Jones v. Abraham,* 109 Ga. App. 622 (137 SE2d 92). Defendant relying upon *Backus v. Chilivis,* 236 Ga. 500, 502 (II) (224 SE2d 370), contends the plaintiff is not a third party beneficiary as it must appear from the contract that the provision must clearly be intended for the benefit of plaintiff and plaintiff must show more than that it is an incidental beneficiary. The fact that plaintiff would benefit from performance of the agreement is not alone sufficient to support plaintiff's contention that the contract was intended for its benefit. Defendant contends that plaintiff is merely one of a large class of individuals who would benefit from the agreement in question. See also Code Ann. § 3-108 (Ga. L. 1949, p. 455); *Miree v. United States of America,* 242 Ga. 126, 135 (249 SE2d 573).

The issue becomes one of whether intention is manifest in the contract that the defendant shall compensate members of the public for injurious consequences arising from its attempts to perform its duties under the contract. Unless such an intention is shown on the face of the contract, defendant is under no duty and consequently plaintiff acquires no right as the third party beneficiary. See Restatement, Contracts, § 145 (now Restatement, Second, Contracts, § 313).

The trial court has expressed in its order the opinion that the contract in question expressed only an intent that defendant indemnify DeKalb County for any final claims for damages found against the county, to defend the county, to pay the expenses of any litigation against the county, and finally, to pay the amount of any judgment against the county, together with all costs of litigation and defense. Such a construction of the contract in question is certainly correct in some degree as there are provisions requiring the defendant to be "responsible from the time of signing the Contract, or from the time of the beginning of the first work, whichever shall be the earlier, for all injury or damage of any kind resulting from this work, to persons or property. The Contractor shall exonerate, indemnify and save harmless the County from and against all claims or actions, and all expenses incidental to the defense of any such claims, litigation and actions, based upon or arising out of damage or

injury (including death) to persons or property caused by or sustained in connection with the performance of this Contract. [sic] or by conditions created thereby or arising out of or any way connected with work performed under this Contract and shall assume and pay for, without cost to the County, the defense of any and all claims, litigations and actions, suffered through any act or omission of the Contractor or anyone directly or indirectly employed under the supervision of any of them."

The contract also contains the provision: "Upon taking possession of the site, the Contractor shall be responsible thereafter until the final acceptance of the work by the Owner for the management, care and maintenance of the site and the work, both new and existing, and shall be solely and wholly responsible for damage thereto and for any and all injury to persons or property incident to or on account of the execution of this work and shall adjust all claims or suits arising therefrom, without loss or expense to the Engineers or the Owner. Any approval of means or methods of construction, or protection of persons or property, shall not relieve the Contractor from sole responsibility for the adequacy of such means or methods." The contract thus explicitly provides that defendant hold the county harmless in the case of damages arising from the contract. This, however, is not inconsistent with plaintiff's construction of the language upon which it relies.

We note the similarity between the language relied upon by plaintiff in the case sub judice and illustration No. 3 to Restatement, Contracts, § 145 (now Restatement, Second, Contracts, § 313). This illustration sets forth the following assumption: "3. A, a municipality, enters into a contract with B, by which B promises to build a subway and to pay damages directly to any person who may be injured by the work of construction. Because of the work done in the construction of the subway, C's house is injured by the settling of the land on which it stands. D suffers personal injuries from the blasting of rock during the construction. B is under a contractual duty to C and D." Although, in the case sub judice the language does not specifically state that damages are to be paid directly to any person injured by the work of construction as in the above illustration, the contract in question does provide for the repair of damage to existing structures by the contractor, the repair of damaged structures would be in the nature of direct compensation to the owner of the damaged structure, suggesting that the phrase, "made good," should be similarly construed. It is not necessary that the plaintiff here be specifically named in the contract. See in this regard *Allred v. Dobbs,* 137 Ga. App. 227, 230 (2) (b), supra. Nor do the facts of the case sub judice fall within the rule enunciated in *Backus v. Chilivis,* 236 Ga. 500, supra,

and *Miree v. United States of America,* 242 Ga. 126, 136 (3), supra, as the intended third party beneficiaries of the contract in the case sub judice do not encompass the unreasonably broad group of beneficiaries which were held to have no standing in those cases. Here the plaintiff is a member of a relatively small group of intended beneficiaries, that is, those individuals whose obstructions and utilities were in such proximity to the construction work to be completed under the contract as to be reasonably afforded the contractual protection incorporated in the contract in question here. The trial court erred in granting partial summary judgment in favor of defendant as to plaintiff's Count 3, and in denying partial summary judgment in favor of plaintiff solely on the issue of liability based on breach of the contract as shown in Count 3 of plaintiff's complaint.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1981 —
REHEARING DENIED DECEMBER 18, 1981.

*Edward T. Floyd,* for appellant.
*Lawrence J. Hogan,* for appellee.