S95A1792. MARTIN et al. v. JONES et al.
(465 SE2d 274)

THOMPSON, Justice.

Edna Mae Martin entered into a contract with Stiffler-Hamby Mortuary, Inc., for the burial of her husband. Although the contract required her to pay the mortuary the sum of $3,514.75 within one month, she failed to do so.

Martin filed an application for year's support. She did not list the mortuary as an interested party in the estate.

Martin was awarded her deceased husband's real property as a year's support. Thereafter, the mortuary transferred and assigned its contract with Martin to Ferril H. Jones, d/b/a Triple J Collection Service. Jones filed suit against Martin and obtained a default judgment for the principal sum of $3,736.38. The execution issued pursuant to the judgment was recorded in the General Execution Docket.

Martin subsequently conveyed the real property to Frank and Edna Turman who in turn conveyed it to William Dunn and Rita Morgan. To satisfy the judgment against Martin, the sheriff levied the execution on the property and advertised its sale. Martin, the Turmans, Dunn, and Morgan, brought suit against the sheriff, Jones and the mortuary, seeking to enjoin the sale.

The superior court denied injunctive relief to the plaintiffs and entered judgment in favor of defendants. This appeal followed. Citing OCGA § 53-7-91, plaintiffs assert that the property is not subject to levy and sale because the probate court set it aside for Martin's benefit as a year's support. This assertion misses the mark. The mortuary

made no claim against the estate of Martin's decedent; neither did Jones. Such a claim would not lie because Martin did not enter into the contract with the mortuary as a representative of her late husband's estate. On the contrary, her contract with the mortuary created a personal obligation.

Fee simple title to the property was vested in Martin when the probate court granted the years' support. OCGA § 53-5-10 (b). Jones' judgment against Martin was binding on all of her personal and real property. OCGA § 9-12-80. Because it was recorded on the General Execution Docket, Jones' judgment remained a lien on Martin's real property even though she transferred it to the Turmans and they conveyed it to Dunn and Morgan. OCGA § 9-12-81. It follows that the superior court did not err in denying injunctive relief to plaintiffs.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996.

*Thomas L. Thompson, Jr.,* for appellants.
*Powell & Tante, Joseph W. Powell II,* for appellees.