## A97A0522. STARRETT v. COMMERCIAL BANK OF GEORGIA.
(486 SE2d 923)

RUFFIN, Judge.

Commercial Bank of Georgia ("the Bank") sued Jerry F. Starrett regarding certain Clayton County property ("the property") she owned with her ex-husband, Robert, who is now deceased. The Bank alleged that it was the intended beneficiary of the Starretts' divorce decree, which provided that the property would be sold and the proceeds used to satisfy a debt owed the Bank. Accordingly, the Bank asked that the trial court (1) direct Starrett to convey her interest in the property to the Bank to satisfy the debt, or (2) order that the property be sold and the proceeds applied against the debt. Agreeing that the Bank was a third-party beneficiary to the divorce decree, the trial court granted the Bank's motion for summary judgment and awarded it all proceeds from the sale of the property. Starrett appeals, and we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The record shows that Robert and Jerry Starrett purchased the property in 1990. On June 6, 1993, Robert Starrett executed a deed to secure debt on the property as security for a promissory note to the Bank. The Starretts divorced later that year. At the time of the divorce, the Starretts reached a settlement agreement, which was incorporated in the final judgment and decree of divorce.

Pursuant to that agreement, the Starretts stipulated that the property would be "placed on the open market for sale and . . . sold at a price not less [than] $81,000.00 unless otherwise agreed to by the parties." They further agreed that "[t]he proceeds of the sale of the property [would] be disbursed in the following order: (a) All property taxes and costs incidental to the sale . . . ; (b) Payment in full of [Robert Starrett's] outstanding loan with Commercial Bank which has a present balance of approximately $63,000.00; (c) The remaining proceeds [to] be divided 35 percent to [Robert Starrett] and 65 percent to [Jerry Starrett]." Despite this provision, the Starretts did

not sell the property following the divorce.

Robert Starrett died in 1995. In lieu of the Bank's foreclosure on the property, the executor of Robert Starrett's estate transferred his interest in the property to the Bank. The Bank subsequently commenced this action to obtain Jerry Starrett's interest in the property.

1. In her first enumeration of error, Starrett argues that the trial court erroneously concluded that the Bank was a third-party beneficiary to the divorce decree. Starrett does not dispute that the settlement agreement within the divorce decree constitutes a contract. See *Kruse v. Todd*, 260 Ga. 63, 67 (1) (389 SE2d 488) (1990) ("The meaning of a settlement agreement incorporated into a divorce decree should be determined according to the usual rules governing the construction of contracts."). Instead, she argues that the agreement does not manifest any intention by the Starretts to benefit the Bank. We find no error in the trial court's conclusion that, as a matter of law, the Starretts intended to benefit the Bank.

Pursuant to OCGA § 9-2-20 (b), "[t]he beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." We have further defined a "third-party beneficiary contract" as " 'one in which the promisor engages to the promisee to render some performance to a third person. (Cit.)' " *LDH Properties v. Morgan Guaranty Trust Co. &c.*, 145 Ga. App. 132, 133 (2) (243 SE2d 278) (1978). "A third party has standing to enforce [such] a contract . . . if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient. [Cit.]" *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 6 (3) (421 SE2d 113) (1992).

Starrett argues that the Bank is only an incidental, rather than intended, beneficiary to the divorce decree. We disagree. The divorce decree does not simply provide for sale of the property. It specifically requires "[p]ayment in full of [Robert Starrett's] outstanding loan with Commercial Bank which has a present balance of approximately $63,000.00." Through the agreement, the Starretts agreed to render performance to a named third party, the Bank. "It is clear on the face of the contract that the [Starretts] intended [the Bank] to be the beneficiary of [the sale of the property] by their inclusion of [this payment provision] as a condition of the contract." *Atlantic Realty Co.*, supra at 6.

Starrett further claims that the Bank cannot qualify as an intended third-party beneficiary because the sale provision actually benefited her ex-husband, whose debt to the Bank was to be extinguished. That Robert Starrett might have benefited from the sales provision, however, does not undermine the Bank's third-party beneficiary claim. See *Plantation Pipe Line Co. v. 3-D Excavators*, 160 Ga.

App. 756 (287 SE2d 102) (1981). In *Plantation Pipe Line,* this Court held that a property owner who sustained damage during county sewer construction was a third-party beneficiary to the contract between the county and the construction company. The contract provided that " '[a]ny damage to existing structures or utilities shall be repaired or made good by the Contractor (defendant) at no expense to the [county].' " Id. at 757. Rejecting the third-party beneficiary argument, the trial court found that the parties intended only the indemnity provisions to benefit the county. Id. We reversed the trial court's decision, concluding that the property owner was "a member of a relatively small group of intended beneficiaries, that is, those individuals whose obstructions and utilities were in such proximity to the construction work . . . as to be reasonably afforded the contractual protection incorporated in the contract. . . ." Id. at 759.

Thus, although the county in *Plantation Pipe Line* certainly profited from the contract's hold harmless provisions, we found that these provisions were also intended to benefit injured third-party property owners. Regardless of whether Robert Starrett might have benefited from the sale provision in the divorce decree, the face of the contract in this case similarly reveals a specific intention to benefit the Bank.

Starrett also argues that we should not uphold a decision that "would allow any creditor provided for in a divorce decree to sue in the capacity of a third party beneficiary." Starrett cites no binding authority to support this position, and our research has revealed no Georgia case law addressing third-party beneficiaries in this context.

Other jurisdictions have produced conflicting decisions on this issue. Applying a third-party beneficiary analysis, the Massachusetts Court of Appeals concluded in *Rae F. Gill, P.C. v. DiGiovanni,* 612 NE2d 1205, 1207 (Mass. App. 1993), that a separation agreement requiring the husband to pay his wife's attorney fees rendered the wife's attorney "a creditor beneficiary who is entitled to proceed directly against [the husband] to recover reasonable attorneys' fees. . . . [Cits.]" In contrast, the Alabama Supreme Court rejected a third-party beneficiary argument in *Costanza v. Costanza,* 346 S2d 1133 (Ala. 1977), a case factually similar to this action. In *Costanza,* a divorce decree provided that the proceeds from the sale of property would be used to satisfy two mortgages held by the creditor bank. Finding that the bank was not a third-party beneficiary to the divorce decree, the Supreme Court concluded that the settlement agreement was intended to finalize the property agreement between spouses, not to benefit the bank.[1] *Costanza,* supra at 1135.

---

[1] To further support its decision, the court also cited an Alabama procedural rule pro-

Despite the similarity between this case and *Costanza*, we do not agree that the Bank's third-party beneficiary argument fails simply because the overall purpose of the Starretts' divorce decree was to effectuate the divorce and finalize the property agreement, rather than to benefit the bank. Notwithstanding the ultimate purpose of the agreement, individual contract provisions may be intended to benefit a stranger to the contract, thus creating a third-party beneficiary. See *Atlantic Realty Co.*, supra; *Plantation Pipe Line*, supra. In this case, the sale provision in the divorce decree was clearly intended to benefit the Bank by satisfying an outstanding loan balance. The trial court properly found that, as a matter of law, the Bank is a third-party beneficiary to the divorce agreement.

2. In her second enumeration of error, Starrett argues that the trial court erred in granting the Bank's motion for summary judgment and awarding the sale proceeds from the property to the Bank. Other than making conclusory statements, Starrett has presented no argument or citation of authority supporting this enumeration. Furthermore, she "concedes that if [the Bank] is indeed a third party beneficiary to the Final Judgment and Decree of Divorce then the Summary Judgment Order is correct." Given Starrett's concession and her failure to properly support this argument, we need not address this enumeration further. Court of Appeals Rule 27 (c) (2).

3. Finally, the Bank has moved for an award of damages pursuant to OCGA § 5-6-6, claiming that this appeal is "frivolous." We do not find that Starrett pursued this appeal "for delay only." OCGA § 5-6-6. Accordingly, the Bank's motion for damages for frivolous appeal is hereby denied.

*Judgment affirmed; motion for damages for frivolous appeal denied. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MAY 29, 1997.

Before Judge Benefield.

*Richard G. Pechin*, for appellant.

*Moore, Ingram, Johnson & Steele, Eldon L. Basham, David I. G. Matthews*, for appellee.

---

viding " 'that [a] creditor would not have standing to enforce such a debt under the divorce decree.' " *Costanza*, supra at 1135. We have found no equivalent Georgia authority.