A00A1005. DEEP SIX, INC. et al. v. ABERNATHY et al.
(538 SE2d 886)

MILLER, Judge.

The issues on appeal are (1) whether undisputed evidence that sellers of a business had title and the right to immediate possession of tax refund checks arising from the business's pre-sale operations authorized the court to grant the sellers summary judgment on their

---

trover action, and (2) whether the trial court erred in holding that the sellers had not agreed to indemnify the purchaser for all appellate attorney fees connected with a pre-sale tax dispute of the business with the Internal Revenue Service. We hold that the court correctly granted the sellers summary judgment on the trover action but that it erred in granting the summary judgment on the indemnity question. Accordingly, we affirm in part and reverse in part.

Elaine Marcus (as executrix of an estate), John Scasino, and John Abernathy sold to Deep Six, Inc. a business whose alcoholic beverage licenses were held by an allegedly nonprofit corporation known as Post 112 of the Jewish War Veterans. At the time, all parties knew that the IRS was auditing Post 112 and calling into question its nonprofit status. The parties executed an indemnity agreement, which they attached as Exhibit I to the simultaneously executed purchase agreement and which they incorporated into the purchase agreement by reference. The indemnity agreement obligated the sellers to indemnify Deep Six for expenses arising out of pre-sale operations of the business, and the purchase agreement specifically obligated the sellers to pay expenses and tax payments resulting from the ongoing audit. The sellers deposited money in an escrow account to defray the anticipated expenses.

As a result of its audit, the IRS claimed that Post 112 was not entitled to nonprofit status and demanded back taxes and fines. Deep Six sought to appeal this determination, but the sellers refused to fund the appellate attorney fees. Deep Six intercepted three tax refund checks, drafted to Post 112 for pre-sale tax payments of the business and admittedly belonging to the sellers, and announced it would hold these until the sellers and it resolved the attorney fees question.

The sellers filed a two-count lawsuit against Deep Six and Post 112, seeking to recover the checks in trover (or in the alternative for conversion damages) and requesting a declaratory judgment construing the agreements such that the sellers were not required to fund any appeal from the loss of tax-exempt status for Post 112. The court granted the sellers summary judgment on both counts,[1] which Deep Six and Post 112 appeal.

1. The undisputed evidence shows that the sellers had both title to and the right to immediate possession of the tax refund checks. Accordingly, the court correctly granted the sellers summary judgment on their trover claim.[2]

---

[1] At some point counsel for Deep Six deposited the checks into his escrow account. Relief was granted in terms of conversion damages.

[2] See *Bulloch County Bank v. Dodd*, 226 Ga. 773, 775 (2) (177 SE2d 673) (1970); see generally *Mashburn v. Valley Coaches*, 112 Ga. App. 320, 321 (1) (145 SE2d 117) (1965) (right to

2. The declaratory judgment claim hinges on an interpretation of the sellers' indemnity obligations as set forth in the written contracts. Since the construction of a contract is a question of law for the court based on the intent of the parties as set forth in the contract,[3] the trial court must follow a three-step procedure in construing the contract language.

> The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity.[4]

This three-step procedure is a question of law that we review de novo and is independent of those rules allocating burdens of proof on motions for summary judgment.[5]

Here the indemnity agreement obligated the sellers to indemnify Deep Six for "any and all losses, claims, damages, liabilities, costs or expenses including without limitation, attorneys' fees, and all trial and/or appellate court costs" arising out of or connected with the pre-sale operations of the business. The tax audit and associated appellate attorney fees concerned the pre-sale operations of the business and thus were covered by this indemnity obligation. On its face, this contract language does not appear ambiguous.

The parties addressed the sellers' indemnity obligations specifically related to the tax audit in the text of the purchase agreement executed the same day, and thus the agreements must be construed together.[6] In the purchase agreement the sellers agreed to indemnify Deep Six for "any and all expenses and tax payments accruing to the non-profit corporation or the Business as a result of said audit and investigation, including but not being limited to, accountants and attorneys' fees and expenses authorized and approved by Sellers." The reference to "attorneys' fees and expenses authorized and approved by Sellers" could be construed to give the sellers the right

---

immediate possession alone will support a trover action); *Jones v. Brown*, 108 Ga. App. 776, 780 (2) (134 SE2d 440) (1963).

[3] OCGA § 13-2-1; see OCGA § 13-2-3.

[4] (Citation omitted.) *Travelers Ins. Co. v. Blakey*, 180 Ga. App. 520 (349 SE2d 474) (1986); see *Thornton v. Kumar*, 240 Ga. App. 897, 898 (525 SE2d 735) (1999).

[5] *Richard Haney Ford, Inc. v. Ford Dealer Computer Svcs.*, 218 Ga. App. 315, 316 (1) (b) (461 SE2d 282) (1995).

[6] *Rizk v. Jones*, 243 Ga. 545 (255 SE2d 19) (1979); see generally OCGA § 24-6-3 (a). We do not address the escrow agreement also executed as a part of the transaction, since it concerns only when escrow payments may be made to cover the indemnity obligations owed to Deep Six and does not address the extent or scope of those indemnity obligations.

to not pay those fees which they do not authorize and approve and thus could possibly create an ambiguity or inconsistency with the more expansive language of the general indemnity agreement and with the "any and all expenses" language of the purchase agreement provision.

At this point, therefore, we apply the rules of construction to resolve the potential ambiguity. OCGA § 13-2-2 (4) directs that we favor that construction which upholds the contract in whole and in every part, and that we look at the whole contract in arriving at the construction of any part.[7] We should avoid any construction that renders portions of the contract language meaningless.[8] Finally, when a provision specifically addresses the issue in question, it prevails over any conflicting general language.[9]

We construe the language in the two agreements as consistent with each other, and thus one provision need not prevail over the other. The indemnity agreement covers "any and all" expenses, including appellate attorney fees, connected with pre-sale operations of the business. The purchase agreement covers "any and all expenses" resulting from the audit, "including *but not being limited to*, accountants and attorneys' fees and expenses authorized and approved by" the sellers.[10] The use of "any and all" and "but not being limited to" seems calculated to give the most expansive application possible.[11] Thus, the purchase agreement does not purport to *limit* the covered legal expenses to only those approved by the sellers, but simply enumerates those as one specific example of audit-related expenses that are covered. The "but not being limited to" language would be rendered meaningless if we interpreted the provision to exclude legal expenses not approved by the sellers. Thus, when read as a whole, the two agreements are consistent and obligate the sellers to pay appellate attorney fees resulting from the audit.

The trial court erred in declaring that the sellers were not responsible for all accountant and attorney fees and expenses connected with the tax audit. Whether approved by the sellers, appellate in nature, or associated with preserving the tax-exempt status of Post 112, all expenses resulting from the audit are covered. Summary judgment in favor of the sellers on the declaratory judgment count is reversed, and the case is remanded for proceedings consistent with this opinion.

---

[7] See *Thornton*, supra, 240 Ga. App. at 898-899.

[8] *Holloman v. D. R. Horton, Inc.*, 241 Ga. App. 141, 142 (1) (a) (524 SE2d 790) (1999).

[9] *Versico, Inc. v. Engineered Fabrics Corp.*, 238 Ga. App. 837, 841 (2) (520 SE2d 505) (1999).

[10] (Emphasis supplied.)

[11] *Bullock v. City of Dallas*, 248 Ga. 164, 167 (2) (c) (281 SE2d 613) (1981).

*Judgment on trover claim affirmed. Judgment on declaratory judgment claim reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 8, 2000 —
RECONSIDERATION DENIED SEPTEMBER 20, 2000 — 

*O. Jackson Cook*, for appellants.
*Ted Marcus*, for appellees.