## A03A0132. NORTHEN v. TOBIN.
(585 SE2d 681)

PHIPPS, Judge.

Alleging breach of contract and additional theories sounding in fraud and equity, attorney R. Scott Tobin sued Bonnie Northen to satisfy a judgment that he and his former law firm had obtained against her ex-husband, who is now deceased.[1] Northen counter-claimed to have the underlying judgment set aside, but the trial court dismissed the counterclaim. Upon cross-motions for summary judgment on Tobin's breach of contract claim, the trial court granted summary judgment to Tobin, awarding him $216,140 plus post-judgment interest. Northen appeals the adverse rulings.

Because Northen has not shown standing to seek to set aside the underlying judgment against her former husband, the trial court cor-rectly dismissed her counterclaim. Also, the trial court correctly con-cluded that she had breached a contract obligating her to pay her ex-husband's indebtedness to Tobin. Contrary to Northen's argument, the court's award did not violate OCGA § 9-12-10. Therefore, we affirm the dismissal of Northen's counterclaim, the denial of sum-mary judgment to her, the grant of summary judgment to Tobin, and the amount of the award.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[2] In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review and con-sider the evidence, with all reasonable inferences therefrom, in favor of the party opposing summary judgment.[3]

Viewed in this light, the record shows that Tobin and his former law firm had represented Northen's ex-husband in a lawsuit styled *Southern Advertising Specialists, Inc. v. Steven A. Odom* (Odom case). Northen was not a party. The representation terminated while the case was still pending, and Tobin and the firm thereafter inter-vened in the Odom case to recover attorney fees they claimed were owed them. A default judgment was entered against Northen's ex-

---

[1] Tobin also named as a defendant, but apparently did not serve, the estate of Northen's ex-husband.

[2] OCGA § 9-11-56 (c).

[3] *Harvey v. J. H. Harvey Co.*, 256 Ga. App. 333, 334 (568 SE2d 553) (2002).

husband and in favor of Tobin and the firm. After a hearing on damages, final judgment was entered on March 7, 2000, awarding Tobin and his firm $120,568.33 for the breach of contract claim, $39,533.10 for pre-judgment interest, and $19,553.88 for attorney fees and costs.[4] A writ of fieri facias was entered on the court's general execution docket, and Tobin and the firm also filed a "Notice of . . . Judgment Lien" in the amount of "$179,655.31 plus interest as provided by law," specifically naming residential property known as 675 West Paces Ferry Road, No. 11, Atlanta, which had been purchased and titled in Northen's name during her marriage.

In August 2000, the Northens were granted a divorce. The divorce decree incorporated an amended settlement agreement, in which the Northens agreed that the West Paces property, their marital residence, would be sold and that Northen would receive the net proceeds. Paragraph VII (f) of the agreement provided that a portion of the net proceeds would be used to pay, among other things, "[a]ny outstanding liens against either party in existence at the time of the closing on the sale of the Property." In September 2001, Northen's ex-husband died.[5]

When the time came to sell the West Paces property, Northen disputed Tobin's claim to a portion of the proceeds. Because both Northen and Tobin wanted the property sold, they entered into an escrow agreement, under which Tobin cancelled the fieri facias and the "Notice of . . . Judgment Lien," and Northen sold the property and then placed $250,000 into the court's registry pending further court order resolving the dispute. The parties agreed that

> Nothing in this Escrow Agreement shall be deemed to be an admission or waiver by the Parties or either of them as to any matter asserted between them, including, but not limited to the validity of the debt which Tobin claims is owed, Northen's liability for the debt Tobin claims is owed or the amount of the debt Tobin claims is owed or the ownership or entitlement to the funds which matters are disputed by the Parties.

Tobin then sued Northen, alleging, in part, that he was an intended third-party beneficiary of the Northens' settlement agreement in their divorce case and that Northen had breached that agreement by refusing to satisfy the judgment lien from the proceeds

---

[4] Northen's ex-husband appealed to this court from the default judgment in the Odom case.

[5] The appeal in the Odom case was subsequently dismissed for lack of a substituted party, and in April 2002, this court denied a motion to reinstate appeal and substitute party.

of the sale of the West Paces property. Northen denied liability and filed a counterclaim seeking to set aside the underlying judgment. The parties filed cross-motions for summary judgment on Tobin's breach of contract claim. At the hearing on the motions, Tobin's counsel argued that Tobin had obtained a judgment that "had been memorialized, not only on the general execution docket that would provide for a lien against any and all property of [Northen's ex-husband] and property interest, but [it] also had been filed, made a matter of record on [the West Paces] property." The trial court determined, "it is my interpretation reading the whole contract that this debt was meant to go with this property in this divorce settlement. It was marital property." The court dismissed Northen's counterclaim, denied her motion for summary judgment, and granted Tobin's motion for summary judgment.

1. Northen contends that the trial court erred in dismissing her counterclaim. She claims that, pursuant to OCGA § 9-11-60 (d), the court should have set aside the judgment in the Odom case because of alleged fraud and nonamendable defects on the face of the record. She claims that in that case, Tobin falsely represented that he had entered into a contingency fee agreement with her ex-husband. Further, she claims, even if there was an enforceable contingency fee agreement, the record shows that the amount of the award was calculated incorrectly.

Northen has failed to demonstrate that she has standing to move to set aside the default judgment on the grounds asserted under OCGA § 9-11-60 (d) because that Code section does not authorize a nonparty to bring a motion to set aside.[6] Pursuant to OCGA § 9-11-60 (a), however, "[a] judgment void on its face may be attacked in any court by any person." The phrase "judgment void on its face" means a judgment which "lack[s] either personal or subject matter jurisdiction."[7] There is no contention that the court that entered judgment in the Odom case lacked either subject matter jurisdiction or personal jurisdiction over the parties. Because Northen lacks standing to seek to set aside the judgment on the grounds asserted, the trial court correctly dismissed her counterclaim.

2. Northen contends that the trial court erred in determining that the settlement agreement required her to pay Tobin from the proceeds of the sale of the house the amount awarded against her ex-husband in the Odom case.

(a) The meaning of a settlement agreement incorporated into a divorce decree is determined according to the usual rules of contract

[6] *The Bootery v. Cumberland Creek Properties*, 271 Ga. 271, 274 (4) (517 SE2d 68) (1999).

[7] *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993).

construction.[8] The cardinal rule thereof is to ascertain the intent of the parties.[9] Contract construction is a question of law for the court that is subject to de novo review.[10] A court must first decide whether the contract language is ambiguous.[11] Language is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one.[12] Where the language is unambiguous, construction is unnecessary, and the court simply enforces the contract according to its clear terms.[13] Where the language is ambiguous, the trial court must use the applicable rules of construction.[14] If after doing so, the court determines that an ambiguity remains, the jury must then resolve the ambiguity.[15]

The Northens agreed in Paragraph VII of the settlement agreement that a portion of the proceeds would be used to pay "[a]ny outstanding liens against either party in existence at the time of the closing on the sale of the Property." Northen asserts that she and her former husband agreed that the proceeds would be used to pay only "valid" liens against the marital residence. She argues that Tobin had no such lien because the property had been titled in her name only and her former husband had no legal interest in the property against which a lien could have been enforced. Northen asserts that the language "[a]ny outstanding liens against either party" is ambiguous and that therefore affidavits, which she claims support her position as to their intent, should be considered.

Tobin counters that the West Paces property was the Northens' marital residence and "was treated at all times as marital property in the divorce action." Further, he argues, the scope of his lien was not limited to the Northens' marital residence, pointing out that he had recorded his judgment on the general execution docket.

We do not find that the language "[a]ny outstanding liens against either party" is ambiguous as to which liens the parties intended to pay. The parties to the settlement agreement were Northen and her then spouse. Tobin had an outstanding judgment against her spouse and had filed not only a notice of judgment lien specifically naming the subject property, but had also recorded that judgment on the general execution docket. Although Tobin's notice of

---

[8] *Kruse v. Todd*, 260 Ga. 63, 67 (1) (389 SE2d 488) (1990).

[9] *Sheridan v. Crown Capital Corp.*, 251 Ga. App. 314, 316 (1) (554 SE2d 296) (2001).

[10] *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

[11] Id.

[12] *Tachdjian v. Phillips*, 256 Ga. App. 166, 169 (568 SE2d 64) (2002).

[13] *Caswell v. Anderson*, 241 Ga. App. 703 (527 SE2d 582) (2000); *Kruse*, supra.

[14] *Deep Six*, supra; OCGA § 13-2-2.

[15] *Deep Six*, supra.

judgment lien.against the residence may not have been enforceable,[16] Tobin's judgment lien as recorded on the general execution docket remained unsatisfied when the residence was sold. We conclude that within the context of the settlement agreement, Tobin's lien was an "outstanding lien[ ] against either party."

There is no merit to Northen's argument that finding her in breach of Paragraph VII (f) rendered another paragraph, XI, meaningless. Paragraph XI pertained to litigation pending at the time of the execution of the settlement agreement and pertinently provided,

> Except as otherwise provided within this Agreement . . . [i]n the event that a judgment is entered against one or both parties as a result of any lawsuits/claims filed against the parties jointly or individually, the parties will equally divide the liability. The parties will equally divide their joint attorney's fees, unless one or both parties elect to have their own representation. If that occurs, each party will pay his or her own attorney's fees.

By its express language, that paragraph did not apply where "otherwise provided" within the settlement agreement. Paragraph VII (f) dealt specifically with liens outstanding at the time of the closing of the sale of the property. By that time, Tobin had already obtained a judgment against Northen's ex-husband in the Odom case and recorded the judgment on the general execution docket. Therefore, the settlement agreement provided for the issues in this case in Paragraph VII (f). Moreover, even if Paragraph XI could be read as applicable to the issues here, pursuant to the rule of contract construction

---

[16] A judgment is not a lien against a mere equitable interest. Pindar & Pindar, Ga. Real Estate Law & Procedure (5th ed. 1998), § 26-107; see *Ga. Veneer &c. Co. v. Stevens*, 148 Ga. 522 (97 SE 524) (1918). OCGA § 9-12-80 provides that a judgment obtained in a Georgia court binds "all the property of the defendant in judgment, both real and personal, from the date of such judgment." See *Prodigy Centers/Atlanta No. 1 L.P. v. T-C Assoc., Ltd.*, 269 Ga. 522, 523, n. 3 (501 SE2d 209) (1998); *Ware v. Jackson*, 19 Ga. 452, 456 (1856) (property is bound if there is "a good, subsisting legal title [in the defendant] at the time of the judgment"). The lien of a judgment "attaches only to such property (of the debtor) as is capable of seizure and sale under execution based upon the judgment." *Prodigy Centers/Atlanta No. 1 L.P.*, supra at 524, n. 3, quoting *Fidelity &c. Co. of Baltimore v. Exchange Bank of Macon*, 100 Ga. 619 (1) (28 SE 393) (1897). While legal interests in real property can be seized and sold under execution, see *Martin v. Jones*, 266 Ga. 156-157 (465 SE2d 274) (1996); 11B Encyclopedia of Georgia Law (1996), Executions, § 32, equitable interests in land cannot. See 11B Encyclopedia of Georgia Law (1996), Executions, § 23; *Jennings v. Coleman & Newsom*, 59 Ga. 718, 719-720 (1877); *Ware*, supra; see also *Payson v. Payson*, 274 Ga. 231 (1) (552 SE2d 839) (2001) ("equitable division of property is an allocation to the parties of the assets acquired during the marriage, based on the parties' respective equitable interests").

that a limited or specific provision will prevail over one that is more broadly inclusive,[17] Paragraph VII (f) would prevail in deciding the issues.

(b) Northen contends that Tobin has no standing to enforce the settlement agreement, asserting that he was not an intended third-party beneficiary. Pursuant to OCGA § 9-2-20 (b), "[t]he beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." A third-party beneficiary contract is "one in which the promisor engages to the promisee to render some performance to a third person."[18] A third party has standing to enforce that type of contract "if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient."[19]

Northen points out that Tobin was not expressly named in the settlement agreement. This court held in *Plantation Pipe Line Co. v. 3-D Excavators*,[20] however, that the third-party beneficiary need not be specifically named in a contract; the dispositive issue is whether the parties' intention to benefit the third party is shown on the face of the contract.[21] The settlement agreement here reveals that the parties agreed to use the proceeds of the sale of the West Paces property to satisfy certain of the parties' creditors, namely those with liens at the time of the sale.[22] As these beneficiaries do not encompass an "unreasonably broad group," they have standing.[23] Tobin, a member of this relatively small group of intended beneficiaries,[24] had standing to sue on the Northens' settlement agreement.[25]

Accordingly, the trial court did not err in granting Tobin's motion for summary judgment and in denying Northen's motion for summary judgment.

---

[17] *Schwartz v. Harris Waste Mgmt. Group*, 237 Ga. App. 656, 661 (2) (516 SE2d 371) (1999).

[18] (Citation and punctuation omitted.) *Starrett v. Commercial Bank of Ga.*, 226 Ga. App. 598, 599 (1) (486 SE2d 923) (1997).

[19] (Citation and punctuation omitted.) Id.

[20] 160 Ga. App. 756 (287 SE2d 102) (1981).

[21] Id. at 758.

[22] See Division 2 (a).

[23] See *Plantation Pipe Line Co.*, supra at 759.

[24] There is no evidence that at the time of sale of the residence, any other person or entity had a lien.

[25] See *Starrett*, supra; *Plantation Pipe Line Co.*, supra at 758-759; compare *Scott v. Mamari Corp.*, 242 Ga. App. 455, 457-458 (1) (530 SE2d 208) (2000); *Walls, Inc. v. Atlantic Realty Co.*, 186 Ga. App. 389, 392 (1) (367 SE2d 278) (1988) (contract expressly provided that it was "solely for the benefit of the signatories") (emphasis omitted).

3. Northen contends that awarding post-judgment interest on the entire amount awarded in the Odom case violated OCGA § 9-12-10, which provides,

> In all cases where judgment is obtained, the judgment shall be entered for the principal sum due, with interest, provided the claim upon which it was obtained draws interest. No part of the judgment shall bear interest except the principal which is due on the original debt.

In this case, the court awarded Tobin $216,140 plus post-judgment interest. Northen argues the award of post-judgment interest violated OCGA § 9-12-10, asserting that the $216,140 included interest awarded in the underlying case.

The court's award in this case was based on Northen's breach of a duty to pay an outstanding lien. While the lien related to a judgment that contained components of interest, Northen nonetheless had agreed in the settlement agreement to pay outstanding liens. Further, the trial court did not award pre-judgment interest on the principal sum due in this case. Therefore, the award of post-judgment interest upon that amount did not violate OCGA § 9-12-10.[26]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 15, 2003.

*Dreger, Coyle, McClelland, Bergman & Pieschel, Nicholas J. Pieschel*, for appellant.

*Wagner, Johnston & Rosenthal, Michael S. Rosenthal, Victoria H. Tobin*, for appellee.

---

[26] See generally *Council v. Hixon*, 11 Ga. App. 818, 827-829 (4) (76 SE 603) (1912); compare *West v. Jamison*, 182 Ga. App. 565, 569 (356 SE2d 659) (1987).