A07A0579. CHOWHAN v. MILLER et al.

(642 SE2d 428)

BLACKBURN, Presiding Judge.

In this suit for specific performance of a real estate contract, Ayesha Chowhan appeals from the trial court's grant of summary judgment to Phillip and Laura Miller, arguing that issues of fact remain as to whether the Millers' conduct waived the necessity of a timely tender of an earnest payment. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Kaesemeyer v. Angiogenix, Inc.*[2]

So construed, the evidence demonstrates that Ayesha Chowhan entered into a Commercial Purchase and Sale Agreement ("agreement") for the purchase of real property owned by the Millers in Evans. The agreement included a clause entitled "Binding Agreement Date," which provided in part that: "This instrument shall become a binding agreement on the date ('Binding Agreement Date') when notice of acceptance of this Agreement has been received by offeror." Chowhan was notified that the Millers accepted her offer on March 23, 2005, thus rendering the agreement binding on that date. The agreement also specifically provided that "[t]ime is of the essence." In addition, Section 4 of the agreement stated in part that:

> Buyer shall have 90 days from the Binding Agreement Date ("Due Diligence Period") to evaluate the Property, the feasibility of the transaction, the availability and cost of financing, and any other matter of concern to Buyer. During the Due Diligence Period, Buyer shall have the right to terminate this Agreement upon notice to Seller if Buyer determines based on an evaluation of the above that it is not desirable to proceed with the transaction.

Based on the March 23, 2005 Binding Agreement Date, the Due Diligence Period was scheduled to expire on June 21, 2005. The agreement further provided that: "At the end of the Due Diligence Period, Buyer shall make an additional Earnest Money deposit of

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

[2] *Kaesemeyer v. Angiogenix, Inc.*, 278 Ga. App. 434 (629 SE2d 22) (2006).

$40,000 into Escrow. This transaction shall be consummated (the 'Closing') 60 days following the end of the Due Diligence Period."

Prior to the end of the Due Diligence Period, the parties began to dispute the meaning of some of the agreement's provisions. One provision of the agreement allowed the Millers to remove their residence from the property. However, while the Millers believed that a few trees would have to be cut down in order to accomplish the removal of their residence, Chowhan argued that the destruction of any trees would violate another provision of the agreement, which prohibited any material adverse change in the physical condition of the property. As a result of this dispute, on June 21, 2005, the same day the additional earnest money was due, the Millers faxed a proposed addendum to the agreement to Chowhan's real estate agent. The proposed addendum would have allowed the Millers to cut down the trees that prevented the removal of their residence and also would have extended the Due Diligence Period. On June 23, 2005, Chowhan sent notice of her rejection of the proposed addendum to the Millers. On that same day, she also deposited the additional earnest money into escrow. The Millers received notice of the earnest money deposit on June 24, 2005, at which time they informed Chowhan that the tender was untimely and amounted to a breach, and thus they were terminating the agreement.

Chowhan filed suit against the Millers, seeking specific performance of the agreement. The Millers moved for summary judgment, arguing that Chowhan's untimely tender of the additional earnest money constituted a breach that precluded her claim for specific performance and allowed the Millers to terminate the agreement. After a hearing, the trial court granted the Millers' motion for summary judgment. This appeal followed.

Chowhan contends that the trial court erred in granting the Millers' motion for summary judgment, arguing that issues of material fact remain as to whether the Millers' conduct waived the necessity of a timely tender of the additional earnest money. We disagree.

Construction of a written contract is a question of law for the trial court based on the intent of the parties as set forth in the contract, which question we review de novo. *Deep Six, Inc. v. Abernathy.*[3] "First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning." *Woody's Steaks, LLC v. Pastoria.*[4]

---

[3] *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).
[4] *Woody's Steaks, LLC v. Pastoria*, 261 Ga. App. 815, 817 (1) (584 SE2d 41) (2003).

Here, it is undisputed that the agreement clearly and unambiguously required Chowhan to tender the additional earnest money no later than June 21, 2005, and that the agreement contained a "[t]ime is of the essence" clause. It is further undisputed that Chowhan did not tender that payment until June 23, 2005, at the earliest. "If a contract for the sale of land expressly provides that time is of the essence, the buyer's failure to tender the purchase price by the specified date is a bar to his action for specific performance." *Benedict v. Snead*.[5]

While admitting that her tender of the additional earnest money was not timely, Chowhan nevertheless contends that the Millers' conduct in proposing an addendum to the agreement and in allegedly threatening to cut down trees on the property waived the necessity of her tender. In support of this contention, Chowhan cites the familiar rule that "[s]ince equity will not require a useless formality, it is unnecessary to make a tender where the vendor, by conduct or declaration, proclaims that, if a tender should be made, acceptance would be refused." (Punctuation omitted.) *Harrison v. Williams*.[6] However, Chowhan cannot demonstrate that the Millers' proposed addendum or their request to cut down a few trees on the property can be construed as a refusal to accept tender of the additional earnest money or to fulfill their obligations at closing. See *Sage Technology v. NationsBank &c.*[7] A proposal to amend an agreement cannot be equated to an anticipatory breach. With no indication that tender would be refused, Chowhan's failure to timely tender the additional earnest money under the agreement constituted a breach, which authorized the Millers' termination of the agreement. See *Benedict*, supra, 271 Ga. at 587; *Woody's Steaks*, supra, 261 Ga. App. at 817 (1); *Sage Technology*, supra, 235 Ga. App. at 408 (3). Accordingly, the trial court did not err in granting the Millers' motion for summary judgment as to Chowhan's claim for specific performance.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 27, 2007.

*Johnston, Wilkin & Williams, William J. Williams*, for appellant.
*Trotter Jones, James B. Trotter*, for appellees.

---

[5] *Benedict v. Snead*, 271 Ga. 585 (519 SE2d 905) (1999).

[6] *Harrison v. Williams*, 270 Ga. App. 308, 310 (3) (605 SE2d 923) (2004).

[7] *Sage Technology v. NationsBank &c.*, 235 Ga. App. 405, 407-408 (3) (509 SE2d 694) (1998).